Slip Op. 07-82

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
:
JOHN R. DEMOS,                      :
                                    :
       Plaintiff,              :
                                    :        Before: Judith M. Barzilay, Judge.
   v.                               :        Consol. Ct. No. 07-00014
                                    :
UNITED STATES,                      :
                                    :
       Defendant.              :
_____:

OPINION

[Defendant's motion to dismiss is granted. Defendant's motion for restrictions on future filings is granted.]

(*John R. Demos, Jr.*), Plaintiff, *Pro Se*.

*Peter D. Keisler*, Assistant Attorney General; *Jeanne E. Davidson*, Director; (*Michael D. Panzera*), Commercial Litigation Branch, Civil Division, U.S. Department of Justice for Defendant United States.

Dated: May 23, 2007

**BARZILAY, Judge:**

      Plaintiff John R. Demos, Jr. ("Plaintiff" or "Demos"), has brought several suits against the United States, which have been consolidated into this one action. *Demos v. United States*, No. 07-14 (CIT filed Jan. 16, 2007) (Complaint) ("Compl. 07-14"); *Demos v. United States*, No. 07-60 (CIT filed Feb. 23, 2007) (Complaint) ("Compl. 07-60"); *Demos v. United States*, No. 07-61 (CIT filed Feb. 23, 2007) (Complaint) ("Compl. 07-61"); *Demos v. United States*, No. 07-62 (CIT filed Feb. 23, 2007) (Complaint) ("Compl. 07-62"). Defendant United States has moved to dismiss this case for lack of subject matter jurisdiction and further requested the court to bar

Consol. Ct. No. 07-00014                                                                                                   Page 2

Plaintiff from filing future complaints with the Court without the Court's prior review and approval.  For the reasons stated below, Defendant's motion to dismiss and request for restrictions on future filings are granted.[1]

## I. Motion to Dismiss:  Standard of Review

Subject matter jurisdiction constitutes a "threshold matter" in all cases, such that without it, a case must be dismissed without proceeding to the merits.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  "The burden of establishing jurisdiction lies with the party seeking to invoke th[e] Court's jurisdiction."  *Bhullar v. United States*, 27 CIT 532, 535, 259 F. Supp. 2d 1332, 1334 (2003) (citing *Old Republic Ins. Co. v. United States*, 14 CIT 377, 379, 741 F. Supp. 1570, 1573 (1990) (citing *McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 189 (1936))), *aff'd*, 93 F. App'x 218 (Fed. Cir. 2004).

An analysis of whether a Court has subject matter jurisdiction "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quotations & citation omitted).  In its constitutional aspect, a plaintiff must satisfy, *inter alia*, the "'case' or 'controversy' requirement of Article III," which requires that the "plaintiff . . . demonstrate [1] that he has suffered [an] 'injury in fact' [2] . . . 'fairly traceable' to the actions of the defendant, and [3] that the injury will likely be redressed by a favorable decision."  *Id.* (citations omitted).  When examining these factors, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are

---

[1] Because the content of Plaintiff's motion to supplement the pleadings does not concern "events which have happened since the date of the pleading sought to be supplemented," the motion is denied.  USCIT R. 15(d).

Consol. Ct. No. 07-00014                                                                                         Page 3

necessary to support the claim.'" *Earth Island Inst. v. Christopher*, 19 CIT 1461, 1465, 913 F. Supp. 559, 564 (1995) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (brackets in original), *appeal dismissed by* 86 F.3d 1178 (Fed. Cir. 1996). "[T]he material allegations of a complaint are taken as admitted and are to be liberally construed in favor of the plaintiff(s)." *Humane Soc'y v. Brown*, 19 CIT 1104, 1104, 901 F. Supp. 338, 340 (1995); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[T]he allegations of [a] pro se complaint [are] h[e]ld to less stringent standards than formal pleadings drafted by lawyers . . . .").

### III.  Discussion

Plaintiff's complaints encompass a broad range of purportedly factual statements and inquiries,[2]

---

[2]*See, e.g.*, Compl. 07-14 ("Native Americans, per international law, The Papal Bulls of Pope Alexander VII issued on 5/3/1493, 5/5/1493, & the 1537 Proclamation of Pope Paul III are sovereigns of the Land."); Compl. 07-60 ("Products/Goods/Merchandise made, manufactured, and produced in foreign sweatshops are of an inferior, 2nd class quality, as inferior products and technicians are used.") ("The U.S. intelligence agencies such as the C.I.A. and the F.B.I. . . . are engaged in a billion dollar a year drug cartel that involves 'international trade.' Afghanistan, Indonesia, and Tibet [sic] are the (3) main countries that supply drugs such as opium to the U.S. intelligence agencies. Tons of the drug (opium) are allowed into the U.S. with the C.I.A.'s approval and blessing.") ("'Generics' [sic] [drugs] are bastard children, rejects, aliens, and experimentals [sic], and have not been approved and certified by the Food & Drug Administration. Every year thousands worldwide 'die' from the use of 'generics' [sic] and their progeny.") ("Are tariff's [sic] embargoes, subsidies, [and] customs duties the work of the bankers, rather than the governments of the world? . . . Is international trade the herald & harbinger of the One World Government? Just <u>what</u> is the 'Mark of the Beast' in so far as it concerns world trade? Is the Mark of the Beast '6-6-6' the number of a country engaged in world trade? . . . Just <u>who</u> administers the Mark of the Beast?"); Compl. 07-61 ("The United States is bankrupt and is not 1st among equals in matters of world trade.") ("Are silver prices at an all time high on the world markets?") ([G]ender & politics plays [sic] an unfair role in world trade, as does race."); Compl. 07-62 ("The high trade barriers imposed by the United States stifle growth in the [sic] developing nations . . . ."). Because these inquiries and statements of alleged fact present no discernable case or controversy, the Court lacks subject matter jurisdiction to hear them. *See Bennett*, 520 U.S. at 162; *see also* Johns-Manville Corp. v. United States, 893 F.2d 324, 327 (Fed. Cir. 1989) (noting that "where the court has no jurisdiction, it has no power to do

Consol. Ct. No. 07-00014                                                                                         Page 4

general critiques of various government policies,[3] and relatively cogent claims that arguably may fall within the jurisdictional ambit of the federal courts.[4] These possibly cognizable claims are as follows:

1. Plaintiff seeks just compensation for the minerals mined in the Black Hills of South Dakota. He avers that the Black Hills belonged to Native Americans and were taken from them in violation of the Fifth Amendment of the U.S. Constitution. *See* Compl. 07-14.

2. Plaintiff asserts that American companies that operate sweatshops "should not be allowed to enter into international trade with the United States." Compl. 07-60.

3. Plaintiff contends that the "globalization of the auto industry violate[s] the Sherman Anti-Trust Act." Compl. 07-60.

4. Plaintiff believes that the U.S. Food and Drug Administration is "in violation of the Treaty of Unification of Pharmacopeial Formulas for Patent Drugs." Compl. 07-61.

5. Finally, he insists that the "U.S.A.," presumably the federal government, is "trading in fur seals in violation of [a] treaty." Compl. 07-61.

---

anything but strike the case from its docket").

[3]*See, e.g.*, Compl. 07-14 ("Over 375 of the treaties entered into with the Native Americans were onesided [sic], void for vagueness, and unconscionable.") ("America's international trade agreements, tariffs, and duties, do not take into account, or acknowledge, the Commercial Power and Authority, or the Supreme Sovereignty of the Native Americans."); Compl. 07-62 ("Global trade talks between the U.S.A. and the rest of the world are at a standstill. Why?") ("Is America doing enough to provide nutrition, food, and agriculture to the poor countries of the world?"). The Court cannot exercise jurisdiction over these issues because they too do not constitute cases or controversies, but merely general grievances over government policy. *See Bennett*, 520 U.S. at 162; *see also Johns-Manville Corp.*, 893 F.2d at 327.

[4]As only this last category of issues raised in Plaintiff's complaints potentially falls within the Court's jurisdiction, this opinion will focus on these issues.

Consol. Ct. No. 07-00014                                                                                             Page 5

In none of these accusations, however, has Demos demonstrated, or even attempted to demonstrate, that he has suffered some injury in fact. Consequently, his complaints fail the first prong of the 'case and controversy' requirement, thereby stripping this Court of subject matter jurisdiction. *Accord Bennett*, 520 U.S. at 162; *see* 28 U.S.C. § 1915(e)(2)(B); *see also Johns-Manville Corp.*, 893 F.2d at 327. Although private vigilance against suspect government behavior may buttress the foundations of democracy and good governance, it cannot overcome the constitutionally mandated jurisdictional limits of the federal courts.[5] Defendant's motion to dismiss is granted.

## IV. Request for Restrictions on Future Filings

Plaintiff repeatedly has filed frivolous complaints with this Court, abusing the judicial process. Furthermore, he has behaved in the same manner before numerous Courts, including the Supreme Court and the Court of Federal Claims, both of which have sanctioned Plaintiff and restricted his ability to file new complaints. *See* Def. Mot. Dismiss & Req. Restrictions Future Filings Attach. A & B. Consequently, the court hereby prohibits Plaintiff from filing future complaints with this Court without the advance approval of a judge of this Court. *Accord* 28 U.S.C. § 1915(g); *see, e.g.*, *Anderson v. United States*, 46 Fed. Cl. 725, 731 (2000), *aff'd*, 4 F. App'x 871 (Fed. Cir. 2001).

---

[5] Plaintiff may more fruitfully direct his policy concerns toward Congress or the Executive.

Consol. Ct. No. 07-00014                                                                                     Page 6

## V. Conclusion

For the aforementioned reasons, Defendant's motion to dismiss and motion for restrictions on future filings are granted.

```
                May 23                          /s/ Judith M. Barzilay
Dated: _____, 2007          _____
         New York, N.Y.                              Judge
```

Case 1:07-cv-00014-JMB   Document 12   Filed 05/23/07   Page 6 of 8

Slip Op. 07-82

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
:
JOHN R. DEMOS,                         :
                                       :
         Plaintiff,                    :
                                       :  Before: Judith M. Barzilay, Judge.
     v.                                :  Consol. Ct. No. 07-00014
                                       :
UNITED STATES,                         :
                                       :
         Defendant.                    :
_____:

JUDGMENT

Upon reading Defendant's motion to dismiss and the parties' responses and replies thereto, and upon due deliberation, it is hereby

ORDERED that Defendant's motion to dismiss is GRANTED with prejudice; and it is further

ORDERED that Plaintiff may not file future complaints in this Court without advance approval of a judge of this Court. The Clerk of the Court will not accept such documents for filing and will return them to Plaintiff.

        May 23, 2007                              /s/ Judith M. Barzilay
Dated:_____        _____
        New York, NY                              Judith M. Barzilay, Judge

## NOTICE OF ENTRY AND SERVICE

  This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

  Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

                or

  Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

                        Tina Potuto Kimble
                        Clerk of the Court

Date: _____  By: _____
                      Deputy Clerk