Slip-Op. 07-97

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| JOHN R. DEMOS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Before: Judith M. Barzilay, Judge |
| v. | : | Consol. Ct. No. 07-00014 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM ORDER

[Plaintiff's motion for reconsideration is denied.]

(*John R. Demos, Jr.*), Plaintiff, *Pro Se*.

*Peter D. Keisler*, Assistant Attorney General; *Jeanne E. Davidson*, Director; (*Michael D. Panzera*), Commercial Litigation Branch, Civil Division, U.S. Department of Justice for Defendant United States.

Dated: June 25, 2007

**BARZILAY, JUDGE:**

      Plaintiff in the above captioned matter moves pursuant to USCIT Rule 59(a)(2) to have this court reconsider its judgment in *Demos v. United States*, No. 07-82, 2007 WL 1492413 (CIT May. 23, 2007), granting Defendants' motion to dismiss and motion for restrictions on future filings. For the reasons discussed below, Plaintiff's motion for reconsideration is denied, and Plaintiff is barred from making any future filings with this Court without advance approval of a judge from this Court.

      The disposition of a motion for reconsideration lies within "the sound discretion of the court." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336, 601 F. Supp. 212, 214

Case 1:07-cv-00014-JMB   Document 14   Filed 06/25/07   Page 2 of 3

**Consol Ct. No. 07-00014**                                                                                             Page 2

(1984).  A court generally will grant such a motion only to "rectify[] a significant flaw in the conduct of the original proceeding." *Id.* (quotations & citation omitted).  Specifically,

> [a] rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* at 336–37, 601 F. Supp. at 214.  A motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised.  *See id.* at 337, 601 F. Supp. at 214.

As in his original complaints, Plaintiff sets forth numerous, often incoherent, non-justiciable arguments in support of his motion.  *See, e.g.*, Mot. Recons. 3 ("*Reasons Why Motion Should Be Granted* . . . . The U.S. Court of International Trade has jurisdiction over and the power to 'review' all matters, issues, and laws that concern, and impact upon the following: Gold hoarding by a few countries.").  *See generally* Mot. Recons.  Because these claims set forth no legitimate grounds upon which the court should reconsider its decision and simply mark yet another attempt by Plaintiff to congest the court system with frivolous litigation, it is hereby

ORDERED that Plaintiff's motion for reconsideration is DENIED.  Furthermore, it is

ORDERED that Plaintiff is barred from making any future filings with this Court without advance approval of a judge from this Court.


June 25, 2007                                                                                    /s/ Judith M. Barzilay

Dated:_____                                           _____
        New York, NY                                                                             Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                         Deputy Clerk